## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Haynes International, Inc., et al.,**[1] | ) | |
| | ) | **Case No. 04-05364** |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Honorable Anthony J. Metz III** |

### CERTIFICATE OF SERVICE

I, Sheryl V. Rehder, a non-attorney, certify that I caused to be served the following documents:

- Motion for Approval of Agreed Order Resolving Request for Additional Adequate Assurance by Entergy Louisiana Inc. (attached hereto as Exhibit A)
- Notice of Hearing on Motion for and Order Pursuant to 11 U.S.C. § 365(a) Authorizing Rejection of Executory Contract with Thermo Electron Corporation (attached hereto as Exhibit B)
- Order Extending the Time Period Within Which Debtors May Remove Actions [Re:Docket Entry 289] (attached hereto as Exhibit C)
- Order Pursuant to 11 U.S.C. § 1121(d) Extending the Debtors' Exclusive Periods Within Which to File and Solicit Acceptance of a Plan of Reorganization [Re: Docket Entry 288] (attached hereto as Exhibit D)
- Motion for an Order Approving Settlement Agreement with Indiana Department of Environmental Management (attached hereto as Exhibit E)
- Motion for Order Under 11 U.S.C. § 327 of the Bankruptcy Code Authorizing the Debtors to Employ Ice Miller as Professional Utilized in the Ordinary Course (attached hereto as Exhibit F)

via First Class Mail upon the service list attached hereto as Exhibit G on the 29th day of June, 2004.

_____
*Sheryl Rehder*
Sheryl V. Rehder

Kurtzman Carson Consultants LLC
12910 Culver Blvd., Suite I
Los Angeles, CA 90066
(310) 823-9000

---

[1] The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc., Haynes Specialty Steels Company and Haynes Sour Gas Tubulars, Inc.

DOCUMENT NO. 341

Exhibit A

FILED
U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

04 JUN 24  PM 3: 51

SOUTHERN DISTRICT
OF INDIANA
JOHN A. O'NEAL
CLERK

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

– – – – – – – – – – – – – – – – – – – – – –

|  |  |  |
|---|---|---|
| | x | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| HAYNES INTERNATIONAL, INC., et al.,[1] | : | Case No. 04-05346 (AJM) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: July 19, 2004** |
| | x | **Objection Due: July 14, 2004** |

– – – – – – – – – – – – – – – – – – – – – –

## MOTION FOR APPROVAL OF AGREED ORDER RESOLVING REQUEST FOR ADDITIONAL ADEQUATE ASSURANCE BY ENTERGY LOUISIANA INC.

Haynes International, Inc. ("Haynes" or the "Company") and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"),

hereby move (the "Motion") this Court for approval of an agreed order, substantially in

the form attached hereto as Exhibit A (the "Agreed Order"), resolving the request for

additional adequate assurance of Entergy Louisiana Inc. ("Entergy").  In support of this

Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc., Haynes Specialty Steels Company, Haynes Sour Gas Tubulars, Inc.

## BACKGROUND

A.    The Chapter 11 Filings

1.    On March 29, 2004 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    On April 2, 2004, the United States Trustee appointed an Official Unsecured Creditors' Committee (the "Creditors' Committee"). No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

3.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.    The predicate for the relief requested herein is the Utility Order (defined below).

B.    Overview of Haynes

5.    Haynes is a leading manufacturer of high performance alloys, primarily used in the aerospace and chemical processing industries. As of the Petition Date, the Company employed approximately 798 full-time employees in the United States.

6.    As of the fiscal year ended September 30, 2003, the Debtors had net revenues of $178 million. As of February 17, 2004, the Debtors reported having total

2

assets with a book value of approximately $187 million and total liabilities with a book value of approximately $238 million (excluding employee-related liabilities).

7.    In November 2003, the Debtors began, with the assistance of its advisors, analyzing and evaluating possible transactions for the principal purpose of restructuring their balance sheet.  Certain holders of the Senior Notes formed an ad hoc committee (the "Ad Hoc Noteholder Committee") to discuss the terms of the proposed restructuring with the Debtors.  During the first calendar quarter of 2004, the Debtors participated in extensive discussions with both the Ad Hoc Noteholder Committee and The Blackstone Group L.P. and its affiliates (collectively, "Blackstone"), owner of approximately 72% of the equity in Haynes Holdings, Inc., in an effort to develop the terms of a consensual restructuring proposal.

8.    Shortly before the commencement of these cases, the Debtors reached an agreement in principle on the terms of the restructuring proposal.  On May 26, 2004, the Debtors filed their plan of reorganization, which incorporates the terms of this agreement.

## BASIS FOR RELIEF AND RELIEF REQUESTED

9.    On March 29, 2004, this Court entered the Order Under 11 U.S.C. §§ 362, 365, 366, 503(b) and 507(a) (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Claims and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Utility Order") (Docket No. 73).

3

10.    Entergy has requested that the Debtors provide additional adequate assurance of payment to it – different than that set forth in the Utility Order. Although the Utility Order provides the Debtors with authority to resolve requests for additional adequate assurance without further notice or hearing, the Debtors and Entergy have agreed to seek approval of the Agreed Order by this Court due to certain provisions of the Agreed Order.

11.    No previous request for the relief sought herein has been made to this Court or any other court.

12.    This Motion will be served in accordance with this Court's Order Under 11 U.S.C. § 105 Establishing Monthly Omnibus Hearings and Certain Notice, Case Administration and Administrative Procedures (Docket Entry 119).

WHEREFORE the Debtors respectfully request that the Court (i) enter the

Agreed Order and (ii) grant the Debtors such other further relief as is just and proper.

Dated: Indianapolis, Indiana
      June 23, 2004

                John Wm. Butler, Jr. (ARDC No. 06209373)
                J. Eric Ivester (ARDC No. 06215581)
                Kristin E. Rooney (ARDC No. 06256593)
                SKADDEN ARPS SLATE MEAGHER
                    & FLOM LLP
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois 60606-1285
                Telephone: (312) 407-0700
                Facsimile: (312) 407-0411

                          - and -

                Jeffrey A. Hokanson
                Ben T. Caughey
                ICE MILLER
                One American Square
                Box 82001
                Indianapolis, Indiana 46282-0002
                Telephone: (317) 236-2100
                Facsimile: (317) 236-2219

                Attorneys for the Debtors
                and Debtors-in-Possession

459212-Chicago S2A              5

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

– – – – – – – – – – – – – – – – – – – – – – –
|  | x |  |
| In re: | : | Chapter 11 |
|  | : |  |
| HAYNES INTERNATIONAL, INC., et al.,[1] | : | Case No. 04-05364 (AJM) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
– – – – – – – – – – – – – – – – – – – – – – – x

## AGREED ORDER RESOLVING REQUEST
## FOR ADDITIONAL ADEQUATE ASSURANCE BY
## ENTERGY LOUISIANA INC.

This matter coming before the Court upon the request for adequate assurance (the "Request") by Entergy Louisiana Inc. (the "Utility") made to the above-captioned debtors and debtors in possession (the "Debtors"); and the Debtors and the Utility having agreed, as signified by the signatures below, to resolve the Request as set forth herein, and having reached an agreement regarding additional adequate assurance of payment of postpetition utility charges under the Request, and the Court being otherwise sufficiently advised,

IT APPEARS TO THE COURT THAT:

A.     The Utility is a utility company that provides utility services to the Debtors' under account numbers 39386412 and 39390836 at service address 3786 Second

---

[1]     The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc., Haynes Specialty Steels Company and Haynes Sour Gas Tubulars, Inc.

## Exhibit A

St., Hwy. 80 West, Arcadia, Louisiana 71001 (each an "Account" and collectively, the "Accounts").

B.    In accordance with the terms of the Order Under 11 U.S.C. §§ 362, 365, 366, 503(b) and 507(a) (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Claims and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Utility Order"), the Utility has requested that the Debtors provide additional adequate assurance of payment to it – different than that set forth in the Utility Order.

C.    This Agreed Order contains the entire agreement between the Debtors and the Utility with respect to the subject matter herein.  No representations have been made or relied upon by the Debtors or the Utility, except as set forth herein.

D.    This Agreed Order is binding upon the Debtors and the Utility only upon final approval of the Agreed Order by the Court.

AND THEREFORE THE COURT ORDERS:

1.    During these bankruptcy proceedings, this Agreed Order and not the Utility Order shall govern the terms of postpetition services from the Utility to the Debtors.

2.    Unless otherwise specified herein, the terms of postpetition services from the Utility to the Debtors shall be governed by the applicable rules, regulations, tariffs, statutes, laws, ordinances, and customary billing procedures governing utilities (the "Regulations") in the State where the Accounts by which the Utility provides services to the Debtors is located.

2

3.      The Utility must continue to provide utility services to the Debtors and must continue to invoice the Debtors for those services in the same manner as was customary before the petition date; the Debtors must pay the full, undisputed amounts of the Utility's postpetition invoices on or before the due dates set forth in the invoices provided.

4.      Within 15 days of the date this Agreed Order becomes final and effective, the Debtors must pay so as to be received by the Utility a postpetition security deposit in the amount of $70,000.00 (the "Security Deposit").  The Debtors and the Utility agree that the Security Deposit shall relate to Debtors' Account No. 39386412. The Debtors may pay the Security Deposit by check, electronic funds transfer ("EFT"), or wire transfer.

5.      The Security Deposit must bear interest, as provided for under the Regulations, and must be returned to the Debtors, less any amounts due for unpaid utility invoices for postpetition services under the Accounts, within thirty (30) days of the Effective Date (as defined in the Debtors' confirmed plan of reorganization).

6.      This Agreed Order may not be changed, amended, modified, or altered, except by written agreement signed by each party and approved by the Court or as otherwise ordered by the Court.

Dated: Indianapolis, Indiana
July _____, 2004

_____
ANTHONY J. METZ, III
UNITED STATES BANKRUPTCY JUDGE

AGREED:

Entergy Louisiana Inc.

By: _____
        (signature)
_____
Alan H Katz
        (print or type name)
Senior Counsel
        (print or type title)

P.O. Box ~~6008~~ 61000
Mail Unit ~~L-JEF-359~~ L-ENT-26C
New Orleans, LA ~~70174~~ 70161
~~504-840-2585~~ 504-576-2240

AGREED:

Haynes International, Inc.

By: _____
        (signature)
MARCEE MARTIN
        (print or type name)
Controller
        (print or type title)

1020 West Park Avenue
Kokomo, Indiana 46904-9013
765-456-6000

456303-Chicago S2A                    4

Exhibit B



IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - -   x
                                                  :
In re:                                            :   Chapter 11
                                                  :
HAYNES INTERNATIONAL, INC., et al.,¹              :   Case No. 04-05364 (AJM)
                                                  :
        Debtors.                                  :   Jointly Administered
                                                  :
                                                  :   Hearing Date: July 19, 2004
- - - - - - - - - - - - - - - - - - - - - - - -   x   Hearing Time: 1:30 p.m. Indianapolis Time
```

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on May 21, 2004, the above captioned
Debtor and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
(collectively, the "Debtors") filed the **Motion for an Order Pursuant to 11 U.S.C.
§ 365(a) Authorizing Rejection of Executory Contract with Thermo Electron
Corporation** (Docket Entry 252) (the "Motion") with the United States Bankruptcy
Court for the Southern District of Indiana, Indianapolis Division.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the
Motion must be filed in accordance with Local Rule S.D.Ind. B-9013-1 with the Clerk of
the Court's Office and served on the service list, attached hereto as Exhibit A, so as to be
received by July 14, 2002 at 10:00 a.m. Indianapolis Time. Timely objections will be
considered by Judge Anthony J. Metz, III, United States Bankruptcy Judge, at a hearing
to be held on **July 19, 2004 at 1:30 p.m. Indianapolis Time** at the United States
Bankruptcy Court, 116 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana,
46204, Room 311. Failure to appear in support of an objection may result in the objection
being overruled and the relief requested in the Motion being granted. In the absence of
timely objections, the relief requested in the Motion may be granted without a hearing.

---

¹       The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc., Haynes
Specialty Steels Company and Haynes Sour Gas Tubulars, Inc.

PLEASE TAKE FURTHER NOTICE that copies of the Motion may be obtained on Kurtzman Carson Consultants LLC's website at www.kccllc.net/haynes.

Dated: Indianapolis, Indiana
June 23, 2004

John Wm. Butler, Jr. (ARDC No. 06209373)
J. Eric Ivester (ARDC No. 06215581)
Kristin E. Rooney (ARDC No. 06256593)
SKADDEN ARPS SLATE MEAGHER
    & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

- and -

Jeffrey A. Hokanson
Ben T. Caughey
ICE MILLER
One American Square
Box 82001
Indianapolis, Indiana 46282-0002
Telephone: (317) 236-2100
Facsimile: (317) 236-2219

Attorneys for the Debtors
and Debtors-in-Possession

2

EXHIBIT A

**In re Haynes International, Inc., et al.**
**Case No. 04-05364 (AJM)**

Calvin S. McKay
Haynes International, Inc.
1020 West Park Avenue
P.O. Box 9013
Kokomo, IN 46904
Tel: (765) 456-6000
Fax: (765) 456-6905
E-Mail: cmckay@haynesintl.com
Debtors

Beth Kramer
Office of the United States Trustee
101 West Ohio Street
Suite 1000
Indianapolis, IN 46204
Tel: (317) 226-6101
Fax: (317) 226-6356
E-Mail: Beth.Kramer@usdoj.gov
United States Trustee

John Wm. Butler, Jr.
J. Eric Ivester
Kristin E. Rooney
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Tel: (312) 407-0700
Fax: (312) 407-0411
E-Mail: jbutler@skadden.com
eivester@skadden.com
krrooney@skadden.com
Counsel to the Debtors

Jeffrey A. Hokanson
Ben T. Caughey
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282
Tel: (317) 236-2100
Fax: (317) 236-2219
E-Mail: jeff.hokanson@icemiller.com
ben.caughey@icemiller.com
Counsel to the Debtors

Douglas Bacon,
Keith A. Simon
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 876-7700
Fax: (312) 993-9767
E-Mail: douglas.bacon@lw.com
keith.simon@lw.com
Counsel to the Prepetition Lenders, Fleet Capital
Corporation

C. Daniel Motsinger
Martha R. Lehman
Robert S. Schein
Kreig DeVault LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204
Tel: (317) 636-4341
Fax:(317) 636-1507
E-Mail: cmotsinger@kdlegal.com
mlehman@kdlegal.com
rschein@kdlegal.com
Counsel to the Prepetition Lenders, Fleet Capital
Corporation

Jonathan N. Helfat
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
29th Floor
New York, NY 10169
Tel: (212) 661-9100
Fax: (212) 682-6104
E-Mail: jhelfat@oshr.com
Counsel to the Postpetition Lenders, Congress
Financial Corporation (Central)

Deborah L. Thorne
Barnes & Thornburg
One North Wacker Drive
Suite 4400
Chicago, IL 60606
Tel: (312) 214-8307
Fax: (312) 759-5646
Counsel to the Postpetition Lenders, Congress
Financial Corporation (Central)

Michael K. McCrory
Wendy D. Brewer
Barnes & Thornburg
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
E:Mail: michael.mccrory@btlaw.com
wendy.brewer@btlaw.com
Counsel to the Postpetition Lenders, Congress
Financial Corporation (Central)

Michael S. Stamer
Akin Gump Strauss Hauer & Feld L.L.P.
590 Madison Avenue
New York, NY 10022
Tel: (212) 872-1025
Fax: (212) 872-1002
Counsel to the Official Committee of Unsecured
Creditors

James M. Carr
Baker & Daniels
Suite 2700
300 North Meridian Street
Indianapolis, IN 46204
Tel: (317) 237-0300
Fax: (317) 237-1000
Counsel to the Official Committee of Unsecured
Creditors

2

Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| HAYNES INTERNATIONAL, INC., et al.,[1] | Case No. 04-05364 (AJM) |
| Debtors. | Jointly Administered |
|  | Hearing Date: **June 28, 2004** |
|  | Hearing Time: **1:30 p.m.** (Indianapolis Time) |

## ORDER EXTENDING THE TIME PERIOD WITHIN
## WHICH DEBTORS MAY REMOVE ACTIONS
### [RE: DOCKET ENTRY 289]

Upon the motion dated June 8, 2004 (the "Motion"), wherein Haynes

International, Inc. ("Haynes") and certain of its domestic subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debt-

ors"), moved this Court for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules

9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

extending by 90 days the period within which the Debtors may remove actions and upon

any objection; it appearing to the Court that (i) it has jurisdiction over the matters raised

in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best

interests of the Debtors, their estates and their creditors; (iv) proper and adequate notice

of the Motion and the hearing thereon has been given and that no other or further notice is

---

[1]    The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc.,
Haynes Specialty Steels Company and Haynes Sour Gas Tubulars, Inc.

necessary; and (v) upon the record herein after due deliberation thereon, that the relief

should be granted as set forth below,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is GRANTED.

2.     Pursuant to Bankruptcy Rule 9006(b), the period within which the

Debtors may seek to remove civil actions pending on the date of the commencement of

their Chapter 11 cases, pursuant to 28 U.S.C. § 1452 and Fed. R. Bank. P. 9027(a)(2), is

enlarged and extended by 90 days to and including the later to occur of (a) September 27,

2004 or (b) 30 days after entry of an order terminating the automatic stay with respect to

the particular action sought to be removed.

3.     This Court shall retain jurisdiction over all matters arising from or

related to the implementation of this Order.

Dated: Indianapolis, Indiana
       June _28_, 2004

Anthony J. Metz, III
UNITED STATES BANKRUPTCY JUDGE

2

# Exhibit D

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

- - - - - - - - - - - - - - - - - -
                        x
                        :

In re:                      :   Chapter 11
                        :

HAYNES INTERNATIONAL, INC., et al.,[1]  :   Case No. 04-05364 (AJM)
                        :

         Debtors.         :   Jointly Administered
                        :

                        :   Hearing Date: **June 28, 2004**
- - - - - - - - - - - - - - - - - - x  Hearing Time: **1:30 p.m.** (Indianapolis Time)

**ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE
DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE
AND SOLICIT ACCEPTANCES OF A PLAN OF REORGANIZATION**
[RE: DOCKET ENTRY 288]

Upon the motion dated June 8, 2004 (the "Motion"), of Haynes International, Inc. ("Haynes") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, pursuant to 11 U.S.C. § 1121(d), extending the exclusive periods during which the Debtors may file a plan(s) of reorganization (the "Plan Proposal Period") and solicit acceptances for such plan(s) (the "Solicitation Period," and together with the Plan Proposal Period, the "Exclusive Periods"); and it appearing that the relief requested is a proper exercise of the Debtors' business judgment; and it appearing to the Court that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and

---

[1]     The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc., Haynes Specialty Steels Company and Haynes Sour Gas Tubulars, Inc.

1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief

requested in the Motion is in the best interests of the Debtors, their estates and their

creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been

given and that no other or further notice is necessary; and (v) upon the record herein after

due deliberation thereon, that the relief should be granted as set forth below,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. The Plan Proposal Period is extended to and including November 24,

2004.

3. The Solicitation Period is extended to and including January 25, 2005.

4. Entry of this Order is without prejudice to (i) the Debtors' right to seek

from this Court such additional and further extensions of the Exclusive Periods as may be

necessary or appropriate or (ii) any party in interest's right to seek to reduce the Exclusive

Periods for cause in accordance with 11 U.S.C. § 1121(d).

4. This Court shall retain jurisdiction over all matters arising from or related

to the implementation of this Order.

Dated: Indianapolis, Indiana
June 28 , 2004

Anthony J. Metz, III
UNITED STATES BANKRUPTCY JUDGE

2

# Exhibit E

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
- - - - - - - - - - - - - - - - -
                                      x
                                      :
In re:                                :   Chapter 11
                                      :
HAYNES INTERNATIONAL, INC., et al.,   :   Case No. 04-05364 (AJM)
                                      :
        Debtors.                      :   Jointly Administered
                                      :
                                      :   Hearing Date: July 19, 2004 at 1:30 p.m.
- - - - - - - - - - - - - - - - -  x   Objection Due: July 14, 2004 at 5:00 p.m.
```

## MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT WITH INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT

Haynes International, Inc. ("Haynes" or the "Company") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"), submit this motion (the "Motion") for an order, containing terms substantially similar to those in Exhibit A attached hereto, approving that certain settlement agreement attached hereto as Exhibit B (the "Settlement Agreement") between Haynes and the Indiana Department of Environmental Management ("IDEM"). In support of this Motion, the Debtors represent as follows:

### BACKGROUND

1.      On March 29, 2004 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The United States Trustee appointed the Official Unsecured Creditors Committee in these cases (the "Creditors Committee") on or about April 2, 2004.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are Sections 102 and 363 of the Bankruptcy Code and Rules 2002, 9006, 9007, and 9019 of the Federal Rules of Bankruptcy Procedure.

5.      The Debtors are leading manufacturers of high performance alloys. The Debtors' primary products are high temperature alloys ("HTA") and corrosion resistant alloys ("CRA").  The Debtors' HTA products are used by manufacturers of equipment subjected to extremely high temperatures such as jet engines, waste incinerators, gas turbine engines, and industrial heating equipment.  The Debtors' CRA products are used in applications requiring resistance to extreme corrosion such as chemical processing, power plant emissions controls, and hazardous waste treatment.

6.      The Debtors own and operate manufacturing facilities in Kokomo, Indiana; and Arcadia, Louisiana.  The Kokomo plant is the main production facility for HTA and CRA products in most product forms, including sheet, coil, plate, bar, billet and wire.  The Arcadia plant is the primary facility for the production of welded and seamless tubing and piping using nickel and cobalt-based alloys and seamless titanium tubing.  The

2

Debtors operate service centers in Anaheim, California; Windsor, Connecticut; Houston, Texas; and Lebanon, Indiana.

7.    On May 26, 2004, the Debtors filed the Plan of Reorganization of Haynes International, Inc. and its Affiliated Debtors and Debtors-in-Possession (the "Plan") and the companion Disclosure Statement with Respect to the Joint Plan of Reorganization of Haynes International, Inc. and its Affiliated Debtors and Debtors-in-Possession (the "Disclosure Statement"). At a hearing on June 28, 2004, this Court approved the Disclosure Statement and procedures and materials to be employed in the solicitation of votes with respect to the Plan and the confirmation thereof.

## RELIEF REQUESTED

8.    By this Motion, the Debtors seek entry of an order approving the Settlement Agreement. Under the terms of the Settlement Agreement, the prepetition claims of IDEM will be fully and finally resolved by the Debtors' payment of $75,000 to IDEM, implementation of a supplemental environmental project by Haynes, and performance of a specified compliance test.

## BASIS FOR RELIEF

9.    On July 13, 2000, IDEM issued a notice of violation, Case No. 2000-8985-A, (the "Notice of Violation") to Haynes imposing monetary sanctions and alleging that Haynes violated various conditions of its Title V air emissions permit. The initial penalty IDEM sought from Haynes was $1,092,847.00. Haynes disputed both IDEM's allegations of violation and IDEM's calculation of amounts owed as a result of the alleged violations.

10.    Since July 13, 2000, the parties have engaged in extensive settlement discussions.  Despite these discussions, substantial disparities in the parties' positions persisted, in particular, in the calculation of amounts owed as a result of the alleged violations.  For instance, IDEM's last written settlement offer prior to the Petition Date did not require an admission of violation by Haynes but sought a payment of $740,920.00.  On the other hand, on October 27, 2003, Haynes responded to IDEM's proposed settlement by proposing Haynes make a cash settlement payment of $75,000 and perform a supplemental environmental project that Haynes estimated would cost approximately $150,000.00.

## TERMS OF THE SETTLEMENT

11.    In order to avoid the expense, delay, and uncertainty of litigating the parties' respective positions regarding culpability and penalty calculation, the Debtors and IDEM have agreed to resolve their disputes pursuant to the terms of the Settlement Agreement.  The Settlement Agreement provides, in general, as follows:[1]

(a)    Haynes is assessed a civil penalty of $171,660.00.  In lieu of payment of the $171,660.00 civil penalty, Haynes shall (i) pay $75,000 within 30 days after the effective date of the Settlement Agreement and (ii) implement a supplemental environmental project within 180 days after the effective date of the Settlement Agreement by which Haynes would replace certain portions of its Dust Collector-14 with a McCawber dense phase system at an estimated cost of $193,320.00 (the "SEP").  In the event that the cost of the SEP is less than $193,320.00, Haynes shall pay 50% of the difference between the estimated cost of the SEP and the actual cost of the SEP.  In the event that Haynes does not complete the SEP by the due date specified above, the full

---

[1]    The discussion of the Settlement Agreement contained herein is of a summary nature only; the Settlement Agreement should be referred to for a full description of its terms and conditions.  In the event of any inconsistency between the terms of the Settlement Agreement and this summary, the terms of the Settlement Agreement control.

4

amount of the civil penalty ($171,660.00), plus interest established by IC 24-4.6-101 on the remaining amount, less the portion of the civil penalty Haynes has already paid, will be due within fifteen days from Haynes' receipt of IDEM's notice to pay.

(b)     Haynes shall conduct a compliance stack test of its argon oxygen decarburizatian control system not later than 90 days after the effective date of the Settlement Agreement. In the event Haynes does not comply with this term, IDEM may assess, subject to Bankruptcy Court review, stipulated penalties of $500.00 per each week of violation for the first four weeks and $1,000.00 per week thereafter and seek additional relief.

(c)     The Settlement Agreement is in full satisfaction of IDEM's claims, and, accordingly, IDEM shall not file a proof of claim against the Debtors and, in the event a proof of claim has already been filed, shall withdraw such proof of claim; the Notice of Violation is resolved; and except for the obligations arising from the Settlement Agreement, IDEM and its agents, successors and assigns, shall be deemed to have released and forever discharged Haynes and its agents, attorneys, employees, affiliates, successors, and assigns, from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorney's fees and damages arising prior to the Petition Date of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated.

## APPLICABLE AUTHORITY

12.     This Court may authorize the Debtors to settle the dispute as

provided in the Settlement Agreement. Bankruptcy Rule 9019 provides, in part, that

"[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may

approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises are tools

for expediting the administration of the case and reducing administrative costs and are

favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000); In re Martin,

91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration

of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on

5

Bankruptcy ¶ 9019.03[1] (15th Ed. 1993); Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995)).

13.    The standards by which a court should evaluate a settlement are well established.  In addition to considering the proposed terms of the settlement, the Court should consider the following factors:  (a) the probability of success in litigation; (b) the difficulty in collecting any judgment that may be obtained; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attendant to it; and (d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); Fishell, 1995 WL 66622, at *3; In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986); In re Patel, 43 B.R. 500, 504-05 (N.D. Ill. 1982).

14.    The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case.  See TMT Trailer Ferry, 390 U.S. at 424-25.  The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).  In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 62 B.R. at 803.

6

15.    The Debtors submit that the Settlement Agreement satisfies the standards set forth above.  The terms and conditions of the Settlement Agreement were reached only after arm's length negotiations between the parties and resolve actual and potential disputes and controversies that, if permitted to continue, would involve potentially time-consuming and expensive legal proceedings and, thus, expose the Debtors to significant litigation costs, as well as the possibility of adverse judgments.

16.    <u>Probability of Successful Litigation</u>.  The Debtors believe that if the Debtors were to litigate IDEM's claims, the Debtors would have a reasonable likelihood of success on the merits.  However, the time and expense to the estates to litigate IDEM's claims would be significant and may alone exceed the costs associated with the Settlement Agreement.  The Settlement Agreement constitutes a substantial reduction in IDEM's prepetition position on penalties, and because the majority of Haynes' expenditures are for the SEP, Haynes' pollution control facilities will benefit from the Settlement Agreement.  Accordingly, the Settlement Agreement represents a favorable economic outcome for the Debtors' estates.  Moreover, this favorable outcome obviates any risk of an adverse judgment, no small consideration given the inherent uncertainties of litigation.

17.    <u>Complexity of Litigation and Expense</u>.  If litigation on IDEM's claims were to occur, the Debtors might have to extensively prepare for contentious and complex litigation, including written and oral discovery, the preparation and filing of motions, the preparation of witnesses and experts, a trial to determine the existence of violations and the appropriate measure of penalties, and post-trial matters (perhaps

7

including appeals). If the Settlement Agreement is not approved, such litigation likely would be costly and time-consuming.

18.    <u>Paramount Interest of Creditors</u>.  Approval of the Settlement Agreement, including the cash settlement payment of $75,000 to IDEM on its prepetition claim, is in the best interests of the Debtors and their creditors because it resolves IDEM's claims in the most cost effective manner reasonably available.  Pursuant to the Plan, IDEM, as a General Unsecured Claimholder, stands to receive 100% of its Allowed Claim.[2]  Despite this, IDEM dramatically reduced its most recent, previous settlement offer of $740,920.00 in cash, which is itself is far less than the maximum potential liability.  To agree to this substantial reduction, IDEM required the Debtors to agree to pay the settlement amount, not simply liquidate the claim.

19.    If the Settlement Agreement is not approved, the Debtors do not believe IDEM will agree to a settlement upon better terms than those provided, and if forced to litigate its claims, IDEM will likely require more concessions from the Debtors to settle.  Moreover, the litigation costs alone may exceed the costs of the Settlement Agreement, and the Debtors will be exposed to the risk of substantially larger exposure.

20.    Approval of the Settlement Agreement also enables the Debtors to implement the SEP during the July scheduled maintenance shutdown of the Debtors' facilities.  If approval of the Settlement Agreement is postponed, the Debtors will have to

---

[2]    Nothing herein constitutes an admission by the Debtors as to the amount, if any, of IDEM's Allowed Claim.

8

wait more than six months for a similar opportunity to implement the SEP resulting in the loss of the SEP's pollution control benefits during this period.

21.    Finally, entry into the Settlement Agreement maintains the good working relationship between IDEM and the Debtors. The Debtors intend to have a long-lasting presence in Indiana, and as long as they do, they will have to work with IDEM. To not resolve IDEM's prepetition claims on the very favorable terms proposed is not the way the Debtors want to begin their future relationship. For these reasons, the Settlement Agreement is in the best interests of the Debtors and their creditors.

22.    In sum, the Settlement Agreement meets the standards for approval of a compromise, and the Court should approve it.

23.    No previous request for the relief sought in this Motion has been made to this Court or any other court.

9

WHEREFORE, the Debtors respectfully request the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) approving the Settlement Agreement and authorizing the Debtors to comply with the terms thereof; and (ii) granting such other and further relief as the Court deems just and proper in the circumstances.

Dated: Indianapolis, Indiana
       June 29, 2004

John Wm. Butler, Jr. (ARDC No. 06209373)
J. Eric Ivester (ARDC No. 06215581)
Kristin E. Rooney (ARDC No. 06256593)
SKADDEN ARPS SLATE MEAGHER
       & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

- and -

Jeffrey A. Hokanson
Ben T. Caughey
ICE MILLER
One American Square
Box 82001
Indianapolis, Indiana  46282-0002
Telephone: (317) 236-2100
Facsimile: (317) 236-2219

Attorneys for the Debtors
and Debtors-in-Possession

459057.99-Chicago S2A

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

- - - - - - - - - - - - - - - - -
                                              x
                                              :
In re:                                        :   Chapter 11
                                              :
HAYNES INTERNATIONAL, INC., et al.,           :   Case No. 04-05364 (AJM)
                                              :
                      Debtors.                :   Jointly Administered
                                              :
- - - - - - - - - - - - - - - - -             x

## ORDER APPROVING SETTLEMENT AGREEMENT WITH INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT

This matter having come before the Court on the motion, dated June 29, 2004 (the "Motion"),[1] of Haynes International, Inc. and certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"), for an order approving that certain settlement agreement attached hereto as Exhibit 1 (the "Settlement Agreement") between Haynes and the Indiana Department of Environmental Management ("IDEM"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors' decision to enter into the Settlement Agreement is reasonable and appropriate under the circumstances and the Settlement Agreement is hereby approved.

3.    The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Settlement Agreement.

Dated: Indianapolis, Indiana
       July _____, 2004

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT B

## SETTLEMENT AGREEMENT

The Indiana Department of Environmental Management, a department of the State of Indiana created by IC 13-13-1-1, ("IDEM") and Haynes International, Inc. ("Haynes") desire to settle and compromise IDEM's claims against Haynes without hearing or adjudication of any issue of fact or law, and agree to the settlement agreement (the "Agreement") more fully set forth herein for good and valuable consideration. Entry into the terms of this Agreement does not constitute an admission of any violation contained herein. Haynes' entry into this Agreement shall not constitute a waiver of any defense, legal or equitable, which Haynes may have in any future administrative or judicial proceeding.

### I. Recitals

1. Haynes owns and operates a metal melting and machining operations facility located at 2000 West Deffenbaugh Street, in Kokomo, Howard County, Indiana ("Site").

2. Pursuant to IC 13-30-3-3, on July 13, 2000, IDEM issued a Notice of Violation, Case No. 2000-8985-A, ("Notice of Violation") via Certified Mail to:

   Mr. Francis J. Petro, President        CT Corporation System
   Haynes International, Inc.             Registered Agent
   2447 Hazelnut Lane                     1 North Capitol Avenue
   Kokomo, IN 46902                       Indianapolis, IN 45204

3. An inspection, on December 9, 1999, was conducted at the Site by a representative of IDEM's Office of Air Management ("OAM"). The following violations were in existence or observed at the time of the inspection:

   a. Pursuant to 326 IAC 6-1-2(a), no owner or operator shall cause, allow, or permit from any process, not limited otherwise, the discharge into the atmosphere any gases with a particulate matter content greater than 0.03 grain per dscf.

      This facility, an argon oxygen decarburization vessel, allowed the discharge of gases with particulate matter content greater than 0.03 grain per dscf, a violation of 326 IAC 6-1-2(a):

   b. Pursuant to the Title V permit condition D.1.6, Haynes shall maintain a pressure drop across the baghouse designated as DC-1 within the range of 2.0 to 4.0 inches of water.

      This facility, a pulse jet baghouse connected to abrasive grinding operation and designated as DC-1 was operating at 6.0 inches of water pressure drop, a violation of the Title V permit condition D.1.6.

    c.    Pursuant to the Title V permit condition D.1.6, Haynes shall maintain a pressure drop across the baghouse designated as DC-18 within the range of 6.0 to 8.0 inches of water.

        This facility, a pulse jet baghouse connected to six (6) electric slag remelt furnaces and designated as DC-18 was operating at 4.5 inches of water pressure drop, a violation of the Title V permit condition D.1.6.

    d.    Pursuant to the Title V permit condition D.3.7, Haynes shall monitor and record the pH and flow rate of the scrubber.

        This facility, a scrubber at the acid batch pickling operation designated as R-35 did not have a pH meter in working condition while operating, a violation of the Title V permit condition D.3.7.

    e.    Pursuant to the Title V permit condition C.17(b), Haynes shall take appropriate response steps for each compliance monitoring condition of the permit when indicated by that compliance monitoring condition.

        Haynes did not take appropriate response steps at the facilities listed in paragraphs c, d, and e of the Notice of Violation to restore them to normal operating parameters, a violation the Title V permit condition C.17(b).

    f.    Pursuant to the Title V permit condition C.12, Haynes shall install, calibrate, quality assure, maintain, take prompt corrective actions, and operate all monitors and related equipment.

        Haynes did not take corrective actions at the facility listed in paragraph e of the Notice of Violation to restore the pH meter to normal working condition, a violation of the Title V permit condition C.12.

4.    Haynes corrected the violation described in section I.3(d) in January, 2000.

5.    Haynes constructed and started operating a control device at the AOD in February, 2002.

6.    On March 29, 2004 ("Petition Date"), Haynes and certain of its subsidiaries and affiliates each filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division ("Bankruptcy Court") for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended ("Bankruptcy Proceedings").

## II. Settlement Terms

1.    This Agreement shall be effective ("Effective Date") upon entry of an order by the Bankruptcy Court approving this Agreement.

2.    Haynes shall comply with all the requirements of: a) the Part 70 permit number T067-7729-00009 and all amendments thereto.

3.    Haynes shall conduct a compliance stack test of the AOD control system not later than within ninety (90) days after the Effective Date of this Agreement. Haynes shall conduct the stack test pursuant to 326 IAC 3-6.

4.    All submittals required by this Agreement, unless notified otherwise in writing, shall be sent to:

        Mr. Michael Stonik, Enforcement Case Manager
        Office of Enforcement
        Indiana Department of Environmental Management
        100 N. Senate Avenue
        P. O. Box 6015
        Indianapolis, IN 46206-6015

5.    Haynes is assessed a civil penalty of One Hundred Seventy-One Thousand Six Hundred Sixty ($171,660.00). Within thirty (30) days of the Effective Date of the Agreement, Haynes shall pay a portion of this penalty in the amount of Seventy-Five Thousand Dollars ($75,000.00). Said penalty amount shall be due and payable to the Environmental Management Special Fund. In lieu of payment of the remaining civil penalty, Haynes shall perform and complete a Supplemental Environmental Project ("SEP"). Haynes estimates that this SEP will cost One Hundred Ninety-Three Thousand Three Hundred Twenty Dollars ($193,320.00). Within thirty (30) days of completing this SEP, Haynes shall submit written notice and documentation to IDEM which substantiates all actions taken and costs incurred with respect to the SEP. In the event that the cost of the SEP is less than One Hundred Ninety Three Thousand Three Hundred Twenty Dollars ($193,320.00), Haynes shall pay 50% of the difference between the proposed cost of the SEP of One Hundred Ninety-Three Thousand Three Hundred Twenty Dollars ($193,320.00) and the actual cost of the SEP.

As a Supplemental Environmental Project, Haynes shall replace the rotary valves, screw conveyor, and roots blower system of Dust Collector-14 (DC-14), which conveys dust from the dust collector to the silo storage area, with a McCawber dense phase transfer system. Haynes shall complete the SEP by no later than within one hundred eighty (180) days of the Effective Date of this Agreement. Implementation of this SEP will prevent accidental release of the dust collector's dust, a hazardous waste, at DC-14 while conveying dust to the silo storage area.

In the event that Haynes does not complete the SEP by due date specified above, the full amount of the civil penalty of One Hundred Seventy-One Thousand Six Hundred Sixty ($171,660.00), plus interest established by IC 24-4.6-101 on the remaining amount, less the portion of the civil penalty Haynes has already paid, will be due within fifteen (15) days from Haynes's receipt of IDEM's notice to pay. Interest, at the rate established by IC 24-4.6-1-101, shall be calculated on the

3

amount due from the date which is thirty (30) days after the Effective Date of this Agreement until the full civil penalty is paid.

6.  In the event the terms and conditions of the following sections are violated, IDEM may assess, subject to Bankruptcy Court review, and Haynes shall pay a stipulated penalty in the following amount:

| Violation | Penalty |
|---|---|
| Failure to comply with section II.3 of this Agreement | Five Hundred Dollars ($500.00) per each week of violation for the first four (4) weeks, One Thousand Dollars ($1,000.00) per week thereafter |

7.  Stipulated penalties shall be due and payable within thirty (30) days after Haynes receives a written notice that IDEM has determined a stipulated penalty is due. Assessment and payment of stipulated penalties shall not preclude IDEM from seeking any additional relief against Haynes for violation of the Agreement.

8.  Civil and stipulated penalties are payable by check to the Environmental Management Special Fund. Checks shall be mailed to:

Cashier
IDEM
100 N. Senate Avenue
P.O. Box 7060
Indianapolis, TN 46207-7060

9.   In the event that the $75,000 civil penalty required by section II.5 of this
     Agreement, is not paid within thirty (30) days of the Effective Date of this
     Agreement; or the stipulated penalty required by section II.6 of this Agreement, is
     not paid within thirty (30) days after Haynes receives a written notice, Haynes
     shall pay interest on the unpaid balance at the rate established by IC 24-4.6-1-101.
     The interest shall continue to accrue until the civil and stipulated penalties are
     paid in full.

10.  This Agreement is in full satisfaction of IDEM's claims, and, accordingly, IDEM
     shall not file a proof of claim in the Bankruptcy Proceedings and, in the event a
     proof of claim has already been filed, shall withdraw such proof of claim; the
     Notice of Violation is resolved; and except for the obligations arising from this
     Agreement, IDEM and its agents, successors and assigns, shall be deemed to have
     released and forever discharged Haynes and its agents, attorneys, employees,
     affiliates, successors, and assigns, from any and all claims, demands,
     controversies, actions, causes of action, suits, proceedings, obligations, liabilities,
     fines, penalties, costs, expenses, attorney's fees and damages arising prior to the
     Petition Date of whatsoever character, nature or kind, in law or in equity, whether
     known or unknown, fixed or contingent, and liquidated or unliquidated.

11.  "Force Majeure", for purposes of this Agreement, is defined as any event arising
     from causes totally beyond the control and without fault of Haynes that delays or
     prevents the performance of any obligation under this Agreement despite
     Haynes's best efforts to fulfill the obligation. The requirement that Haynes
     exercise "best efforts to fulfill the obligation" includes using best efforts to
     anticipate any potential force majeure event and best efforts to address the effects
     of any potential force majeure event (1) as it is occurring and (2) following the
     potential force majeure event, such that the delay is minimized to the greatest
     extent possible. "Force Majeure" does not include changed business or economic
     conditions, financial inability to complete the work required by this Agreement,
     or increases in costs to perform the work.

     Haynes shall notify IDEM by calling the case manager within three (3) calendar
     days and by writing no later than seven (7) calendar days after it has knowledge
     of any event which Haynes contends is a force majeure. Such notification shall
     describe the anticipated length of the delay, the cause or causes of the delay, the
     measures taken or to be taken by Haynes to minimize the delay, and the timetable
     by which those measures will be implemented. Haynes shall include with any
     notice all available documentation supporting its claim that the delay was
     attributable to a force majeure. Failure to comply with the above requirements
     shall preclude Haynes from asserting any claim of force majeure for that event.

Haynes shall have the burden of demonstrating that the event is a force majeure. The decision of whether an event is a force majeure shall be made by IDEM, subject to Bankruptcy Court review.

If a delay is attributable to a force majeure, IDEM shall extend, in writing, the time period for performance under this Agreement, by the amount of time that is directly attributable to the event constituting the force majeure.

12. This Agreement shall apply to and be binding upon IDEM, Haynes, and their successors and assigns. The signatories to this Agreement certify that they are fully authorized to execute this document and legally bind the parties they represent. No change in ownership, corporate, or partnership status of Haynes shall in any way alter its status or responsibilities under this Agreement.

13. In the event that any terms of the Agreement are found to be invalid, the remaining terms shall remain in full force and effect and shall be construed and enforced as if the Agreement did not contain, the invalid terms.

14. Haynes shall provide a copy of this Agreement, if in force, to any subsequent owners or successors before ownership rights are transferred. Haynes shall ensure that all contractors, firms and other persons performing work under this Agreement comply with the terms of this Agreement.

15. The Bankruptcy Court has jurisdiction over the parties and the subject matter of this Agreement, and the Bankruptcy Court (or, upon withdrawal of the Bankruptcy Court's reference, the United States District Court for the Southern District of Indiana) shall retain jurisdiction over the subject matter of this Agreement and the parties hereto for the purpose of enabling any of the parties to apply to the Bankruptcy Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Agreement or to effectuate or enforce compliance with its terms.

459234.03-Chicago Server 2A                                    MSW - Draft June 2, 2004 - 4:26 PM

16.    This Agreement constitutes a single, integrated written contract, expresses the entire agreement of the parties with respect to the subject matter of this agreement, and supersedes all negotiations, prior discussions, and preliminary agreements. This Agreement was jointly prepared through negotiations of the parties, and the provisions of this Agreement are not to be strictly or liberally construed for or against any of the parties.

**INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT**

By: _~signature~_    Dated: _6/11/04_
(signature)

_Deputy Commissioner_ title
(print or type name)

_Felicia Robinson_ Name
(print or type title)

**HAYNES INTERNATIONAL, INC.**

By: _~signature~_    Dated: _6/14/04_
(signature)

_Jean C. Neel_
(print or type name)

_Vice President-Corporate Affairs_
(print or type title)

# Exhibit F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Haynes International, Inc., et al.,[1] | ) | Case No.: 04-05364 (AJM) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: July 19, 2004 |
| | ) | Objection Date: July 14, 2004 |

## MOTION FOR ORDER UNDER 11 U.S.C. § 327 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY ICE MILLER AS PROFESSIONAL UTILIZED IN THE ORDINARY COURSE

Haynes International, Inc. ("Haynes") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") this Court for an Order substantially in the form attached hereto as Exhibit A, pursuant to 11 U.S.C. § 327 of the Bankruptcy Code, authorizing the Debtors to employ Ice Miller as an ordinary course professional. The requested employment is in addition to Ice Miller's engagement as attorneys for the Debtors, as approved by prior Court order (see paragraph 11, infra). In support of this Motion, the Debtors respectfully represent as follows:

### BACKGROUND

A.     The Chapter 11 Filings

1.     On March 29, 2004 (the "Petition Date"), the Debtors each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code"). The Debtors continue to

---

[1] The Debtors are the following entities: Haynes International, Inc., Haynes Holdings, Inc., Haynes Specialty Steels Company and Haynes Sour Gas Tubulars, Inc.

operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On April 2, 2004, the United States Trustee appointed an Official Unsecured Creditors' Committee (the "Creditors' Committee"). No trustee or examiner has been appointed.

3.      This Court has jurisdiction over this matter pursuant to 18 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are sections 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      Overview of Haynes

5.      The Debtors are leading manufacturer of high performance alloys, primarily used in the aerospace and chemical processing industries. As of the Petition Date, the Debtors employed approximately 800 full-time employees in the United States. Approximately 442 of their employees are covered by a collective bargaining agreement with the United Steelworkers of America.

6.      As of the fiscal year ended September 30, 2003, the Debtors had net revenues of $178 million. As of February 17, 2004 the Debtors reported having total assets with a book value of approximately $187 million and total liabilities with a book value of approximately $238 million (excluding employee-related liabilities).

7.      Shortly before the commencement of these cases, the Debtors reached an agreement in principle on the terms of a restructuring proposal with certain holders of its Senior Notes and their majority equity holder.

- 2 -

8.      On or about May 26, 2004, the Debtors filed a Joint Plan of Reorganization and Disclosure Statement with respect to the Joint Plan of Reorganization, which among other things, set forth the manner in which the Debtors will implement their restructuring proposal to capitalize on their position as a leader in the high performance alloy industry.

## RELIEF REQUESTED AND BASIS FOR RELIEF

9.      The Debtors historically and customarily retain the services of various attorneys and other professionals (including Ice Miller) in matters arising in the ordinary course of business.

10.     By this Motion, the Debtors seek an Order under Section 327 of the Bankruptcy Code authorizing the Debtors to retain and compensate Ice Miller for non-bankruptcy related, ordinary course services provided by Ice Miller, without the necessity of additional Court approval.

11.     On April 22, 2004, the Court entered an *Order Under 11 U.S.C. §§ 327(a) and 329 Authorizing Employment and Retention Nunc Pro Tunc of Ice Miller as Attorneys for the Debtors-in-Possession* ("Retention Order"), by which the Court approved the employment and retention of Ice Miller as counsel for the Debtors.

12.     On April 22, 2004, the Court also entered an *Order Under 11 U.S.C. § 327 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business* ("Ordinary Course Professionals Order"), by which the Court approved procedures related to certain ordinary course professionals retained by the Debtors.

13.     As discussed above, in addition to the bankruptcy related services being provided by Ice Miller in accordance with the Retention Order, Ice Miller has historically provided a wide variety of legal services to the Debtors in the ordinary course of their business.

- 3 -

14.   Subsequent to the initiation of the Debtors' proceedings and the entry of the Retention Order and the Ordinary Course Professionals Order, the Debtors have continued to request that Ice Miller provide significant non-bankruptcy related services to the Debtors in the ordinary course of their business.   At the Debtors' request, Ice Miller is continuing to provide advice and representation to the Debtors in employee benefit matters, environmental matters, issuance of securities issues, general business matters, and general litigation matters.

15.   In addition to the fact that the services provided by Ice Miller are ordinary course services and not directly related to the Debtors' pending Chapter 11 proceedings, the services being provided are of a type generally provided to an entity operating outside of Chapter 11 and do not fit well into the United States Trustee's general categories for the proper accounting of time and expenses incurred by professionals employed by a bankruptcy estate.   Further, including the value of the non-bankruptcy services being provided by Ice Miller to the Debtors would significantly skew information collected by the United States Trustee for statistical purposes.

16.   By this Motion the Debtors propose and request that they be permitted to pay, without formal application to the Court by Ice Miller, one-hundred percent (100%) of the interim fees and disbursements due to Ice Miller for ordinary course services provided by Ice Miller not directly related to the Debtors' pending Chapter 11 proceedings.   The Debtors propose that they be permitted to pay such amounts upon Ice Miller's submission to the Debtors of an appropriate invoice setting forth in reasonable and customary detail the nature of the services rendered.

17.   The Debtors are not seeking to relieve Ice Miller of its obligation and duty to seek the allowance and compensation of fees and expenses directly related to the Debtors' Chapter 11

- 4 -

proceedings in accordance with the Retention Order and any other Orders entered by the Court herein.

18.    In the context of these cases, the Debtors' request for authority to retain and compensate Ice Miller for non-bankruptcy related, ordinary course services provided by Ice Miller, without the necessity of additional Court approval is reasonable and is in the best interest of the Debtors' estates and creditors.

19.    The undersigned attorneys provided a draft version of this motion with the Office of the United States Trustee and have been advised that the United States Trustee has no objection to the relief requested herein.

WHEREFORE, the Debtors respectfully request that this Court enter an Order (i) authorizing the Debtors to retain and compensate Ice Miller for non-bankruptcy related, ordinary course services provided by Ice Miller, without the necessity of additional Court approval; and (ii) granting such other relief to which the Debtors may be entitled.

- 5 -

Dated: Indianapolis, Indiana
      June 16, 2004

                                        Respectfully submitted,

                                        John Wm. Butler, Jr (ARDC No. 06209373)
                                        J. Eric Ivester (ARDC No. 06215581)
                                      Kristin E. Rooney (ARDC No. 06256593)
                                      SKADDEN ARPS SLATE MEAGHER
                                            & FLOM LLP
                                      333 West Wacker Drive, Suite 2100
                                      Chicago, Illinois 60606-1285
                                      Telephone : (312) 407-0700
                                      Facsimile: (312) 407-0411

                                      -and-

                                      Jeffrey A. Hokanson
                                      Ben T. Caughey
                                      ICE MILLER
                                      One American Square
                                      Box 82001
                                      Indianapolis, Indiana  46282-0002
                                      Telephone : (317) 236-2100
                                      Facsimile: (317) 236-2219

                                      Attorneys for the Debtors
                                      and Debtors-in-Possession

INDY 1383022v1

- 6 -

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:                                          )      Chapter 11
                                                )
Haynes International, Inc., et al.,[1]          )      Case No.: 04-05364 (AJM)
                                                )
                                                )      Jointly Administered
                       Debtors.                 )

## ORDER UNDER 11 U.S.C. § 327 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY ICE MILLER AS PROFESSIONAL UTILIZED IN THE ORDINARY COURSE

This matter having come before the Court on the motion, dated June 15, 2004 (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for entry of an order under 11 U.S.C. § 327 of the Bankruptcy Code authorizing the Debtors to employ Ice Miller as an ordinary course professional; and the Court having determined that the relief requested in this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREE THAT:

1.      The Motion is GRANTED.

2.      Pursuant to Section 327 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to retain and compensate Ice Miller for non-bankruptcy related, ordinary course services provided by Ice Miller, without the necessity of additional Court approval and are hereby authorized and permitted to pay, without formal application to the Court by Ice Miller, one-hundred percent (100%) of the interim fees and

---

[1] The Debtors are the following entities:  Haynes International, Inc., Haynes Holdings, Inc., Haynes Specialty Steels Company, Haynes Sour Gas Tubulars, Inc.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

Exhibit A

disbursements due to Ice Miller for ordinary course services provided by Ice Miller not directly related to the Debtors' pending Chapter 11 proceedings upon the submission to the Debtors of an appropriate invoice setting forth in reasonable and customary detail the nature of the services rendered.

    3.    Nothing contained herein shall act to relieve Ice Miller of its obligation and duty to seek the allowance and compensation of fees and expenses directly related to the Debtors' Chapter 11 proceedings in accordance with the Retention Order and any other Orders entered by the Court herein.

Dated: Indianapolis, Indiana
      June _____, 2004

                       _____
                       ANTHONY J. METZ, III
                       UNITED STATES BANKRUPTCY JUDGE

INDY 1383034v1

Exhibit G

## Service List

Calvin S. McKay
Haynes International, Inc.
1020 West Park Avenue
P.O. Box 9013
Kokomo, IN 46904

Beth Kramer
Office of the United States Trustee
101 West Ohio Street
Suite 1000
Indianapolis, IN 46204

John Wm. Butler, Jr., J. Eric Ivester, Kristin E. Rooney
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Jeffrey A. Hokanson, Ben T. Caughey
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282

Robert P. Conway, Michael A. Dieber
Conway Del Genio Gries & Co., LLC
Olympic Tower
645 Fifth Avenue
New York, NY 10022

Jonathan A. Carson
Kurtzman Carson Consultants LLC
12910 Culver Boulevard
Suite 1
Los Angeles, CA 90066

Steven D. Goldberg
Sitrick and Company Inc.
1840 Century Park East
Suite 800
Los Angeles, CA 90067

Paul Whitehead, Dave Goldman
USWA
Five Gateway Center
Pittsburgh, PA 15222

Douglas Bacon, Keith A. Simon
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

C. Daniel Motsinger, Martha R. Lehman, Robert S. Schein
Kreig DeVault LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204

Alan Meier
Fleet Capital Corporation
One South Wacker Drive
Suite 3400
Chicago, IL 60606

Robert Lund
Fleet Capital Corporation
20800 Swenson Drive
Suite 350
Waukesha, WI 53186

Jonathan N. Helfat
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
29th Floor
New York, NY 10169

Deborah L. Thorne
Barnes & Thornburg
One North Wacker Drive
Suite 4400
Chicago, IL 60606

Michael K. McCrory, Wendy D. Brewer
Barnes & Thornburg
11 South Meridian Street
Indianapolis, IN 46204

Mary McGuire
Congress Financial Corporation (Central)
150 South Wacker Drive
Suite 2200
Chicago, IL 60606

Michael S. Stamer
Akin Gump Strauss Hauer & Feld L.L.P.
590 Madison Avenue
New York, NY 10022

James M. Carr
Baker & Daniels
Suite 2700
300 North Meridian Street
Indianapolis, IN 46204

Richard P. Krasnow, Timothy E. Graulich
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Thomas S. Korsman
Wells Fargo Bank, N.A.
Sixth & Marquette
MAC N9303-120
Minneapolis, MN 55479

Angela D. Dodd
Securities and Exchange Commission
175 West Jackson Boulevard
Suite 900
Chicago, IL 60604

Attn: Bankruptcy Unit
District Counsel Office
P.O. Box 44010
Stop CN730
Indianapolis, IN 46244

Jon Barnwell
The Blackstone Management Partners L.P.
345 Park Avenue
31st Floor
New York, NY 10154

Wilson Neely
Simpson Thatcher & Bartlett
425 Lexington Avenue
New York, NY 10017

Thomas L. Jacob
Air Products and Chemicals, Inc.
7201 Hamilton Boulevard
Allentown, PA 19195

Andrew Herenstein, Chun Won Yi
Quadrangle Group LLC
375 Park Avenue
14th Floor
New York, NY 10152

Sandra A. Garrick
Office of the General Counsel
Pension Benefit Guaranty Corporation
1200 K Street, N.W., Suite 340
Washington, DC 20005

Richard J. Swanson
Macey Swanson and Allman
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204

Jon B. Abels
Dann Pecar Newman & Kleiman, P.C.
2300 One American Square
Box 82008
Indianapolis, IN 46282

Craig Klein
Madison Capital Management
6143 South Willow Drive
Suite 200
Greenwood Village, CO 80111

## Service List

Glen Dresser
RREEF America REIT II Portfolio, L.P.
c/o Law Offices of Glen Dresser
12650 Riverside Drive, Suite 100
North Hollywood, CA 91607

Julie Hennebert
Hydro-Power/OTP
1900 Jetway Boulevard
Columbus, OH 43219

Christopher S. Roberge
Roberge & Roberge
9190 Priority Way West Drive
Suite 1000
Indianapolis, IN 46240

Vincent G. Ricigliano, Jr.
Carkhuff & Radmin, P.C.
598-600 Somerset Street
North Plainfield, NJ 07060

Steven A. Ginther
Missouri Department of Revenue
301 West High Street, Room 670
P.O. Box 475
Jefferson City, MO 65105

Robert C. Kruger
Burt Blee Dixon Sutton & Bloom, LLP
1000 Standard Federal Plaza
200 East Main Street
Fort Wayne, IN 46802

Peter A. Velde
Kightlinger & Gray, LLP
151 North Delaware Street
Suite 600
Indianapolis, IN 46204

Carolyn Mitchell
CitiCapital, Legal Department
250 East Carpenter Freeway
7 Decker
Irving, TX 75062

Neil Herskowitz
Riverside Contracting LLC
P.O. Box 626
Planetarium Station
New York, NY 10024

Leonard P. Goldberger, Joseph G. Gibbons
White & Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103

Thomas C. Scherer
Bingham McHale LLP
10 West market Street
#2700
Indianapolis, IN 46204

Michael R. Enright
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103