IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In re:                                            :  Chapter 11
                                                  :
HAYNES INTERNATIONAL, INC., et al.,               :  Case No. 04-05364 (AJM)
                                                  :
                 Debtors                          :  Jointly Administered

---

## NOTICE REGARDING (A) ENTRY OF ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF HAYNES INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION, (B) OCCURRENCE OF EFFECTIVE DATE AND (C) NOTICE OF ADMINISTRATIVE BAR DATE

1.  **Confirmation of the Plan.** On August 16, 2004, the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization of Haynes International, Inc., and Its Affiliated Debtors and Debtors-in-Possession, as modified, dated June 29, 2004 (the "Plan"), in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order. A copy of the Plan and Confirmation Order may be obtained at your expense, by written request, from the Debtors' Claims Agent, Kurtzman Carson Consultants LLC, 12910 Culver Blvd., Suite I, Los Angeles, CA 90066, Attn: Haynes International, Inc. et al., (website: www.kccllc.net/haynes); or from the Bankruptcy Court PACER website, www.insb.uscourts.gov.

2.  **Effective Date.** On August 31, 2004, the Effective Date of the Plan occurred.

3.  **Discharge of Claims and Termination of Interests.** Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Plan or in the Confirmation Order, the distributions and rights that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Confirmation Date (but subject to the occurrence of the Effective Date), of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Confirmation Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the

DOCUMENT NO. 436

Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the Effective Date occurring.

4. **Releases by Debtors and Debtors-in-Possession.** Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Section 11.4 of the Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors shall be bound, to the same extent the Debtors are bound, by all of the releases set forth above.

5. **Releases by Holders of Claims and Interests.** On the Effective Date, (a) each Person that votes to accept this Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) that has held, holds, or may hold a Claim or Interest, in consideration for the obligations of the Debtors and the Reorganized Debtors under this Plan and the Cash, New Common Stock, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Plan (each a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Released Party from any Claim or Cause of Action existing as of the Effective Date arising from, based on, or relating to, in whole or in part, the subject matter of, or the transaction or event giving rise to, the Claim or Interest of such Release Obligor, and any act, omission, occurrence, or event in any manner related to such subject matter, transaction, or obligation.

6. **Injunction.** Pursuant to Section 11.9 of the Plan, the Confirmation Order provides that the satisfaction, release, and discharge pursuant to Article XI of the Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim or Cause of Action satisfied, released, or discharged under the Plan to the fullest extent permissible under applicable law, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 of the Bankruptcy Code.

2

7.  **Executory Contracts and Unexpired Leases to Be Assumed.** Pursuant to Section 8.1 of the Plan, section 365 of the Bankruptcy Code, and the Confirmation Order, each executory contract or unexpired lease to which the Debtors are a party is assumed and Reinstated as of the Effective Date, unless such executory contract or unexpired lease (a) was previously rejected by the Debtors, (b) was the subject of a motion or a notice to reject that was filed and served pursuant to order of the Bankruptcy court, on or before the Confirmation Date, (c) was listed on the schedule of rejected contracts and leases on Plan Exhibit G, or (d) expired prior to the Effective Date and/or was no longer executory on the Effective Date by its own terms. Copies of the Plan Exhibits may be obtained, at your own expense, upon written request to the Debtors' Claims Agent, Kurtzman Carson Consultants LLC, 12910 Culver Blvd., Suite I, Los Angeles, CA 90066, Attn: Haynes International, Inc., et al. (website: www.kccllc.net/haynes); or from the Bankruptcy Court PACER website: www.insb.uscourts.gov. If the Contract(s) and/or Lease(s) to which you are a party are rejected, and such rejection gives rise to any claims against the Debtors, you must file a proof of claim in accordance with the procedures set forth in section 8(e) below.

8.  **Bar Dates.**

    a.  **Administrative Claims Bar Date.** Except as otherwise provided below, unless previously filed, requests for payment of Administrative Claims must be filed in substantially the form of the Administrative Claim Request Form, attached hereto as Exhibit A, with the Claims Agent and served on the undersigned counsel to the Debtors at the address listed below **no later than September 30, 2004**. Any request not timely filed and served for payment of an Administrative Claim pursuant to Section 10.4 of the Plan shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim by the Claims/Interests Objection Deadline (which is currently December 29, 2004, but which deadline may be extended), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim.

    b.  **Deadline for Submitting Professional Claims.** All final requests for payment of Professional Claims must be filed **no later than October 31, 2004**. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Professional Claims shall be determined by the Bankruptcy Court. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate, and the Reorganized Debtors will employ and pay Professionals in the ordinary course of business.

    c.  **Substantial Contribution Claims.** Any Person who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and 503(b)(5) of the Bankruptcy Code must file an application with the clerk of the Bankruptcy Court **no later than September 30, 2004** (the "503 Deadline"), and serve such application on (i) the undersigned counsel to the Debtors at the address listed below and (ii) counsel to the Creditors Committee: Akin Gump Strauss Hauer &

3

Feld, LLP, 590 Madison Avenue, New York, NY 10022, Attn: Michael S. Stamer, Esq., and as otherwise required by the Bankruptcy Court and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

d.  <u>Exceptions to Requirement to File Administrative Claims</u>. Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim which is paid or payable by the Debtors in the ordinary course of business.

e.  <u>Bar Date for Proofs of Claim Relating to Rejected Executory Contracts or Unexpired Leases</u>. If the rejection by the Debtors (pursuant to the Plan or otherwise) of executory contract, or unexpired lease, results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors, or such entities' properties unless a proof of claim is filed with the clerk of the Bankruptcy court and served upon (i) the undersigned counsel to the Debtors at the address listed below and (ii) counsel to the Creditors Committee within thirty (30) days after service of the later of (a) notice of the Confirmation Order or (b) other notice that the executory contract or unexpired lease has been rejected.

f.  <u>Payments Related to Assumption of Executory Contracts and Unexpired Leases</u>. The provisions (if any) of each executory contract and unexpired lease which are to be assumed and Reinstated under the Plan and which are or may be in default shall be satisfied solely by Cure. Any Person claiming that a monetary cure amount is due in connection with the assumption of any executory contract or unexpired lease as contemplated by section 365(b) of the Bankruptcy Code must file a monetary cure claim with the Bankruptcy Court asserting all alleged amounts, if any, accrued through the Effective Date (a "Cure Claim") <u>no later than September 30, 2004</u> (the "Cure Claim Submission Deadline"). Any party failing to submit a Cure Claim by the Cure Claim Submission Deadline, shall be forever barred from asserting, collecting, or seeking to collect any amounts relating thereto against the Debtors or Reorganized Debtors. The Debtors shall have until <u>October 30, 2004</u> (the "Cure Claim Objection Deadline"), to file an objection to the Cure Claim. Any disputed Cure Claims shall be resolved either consensually by the parties or by the Bankruptcy Court. Disputed Cure Claims shall be set for status at subsequent hearings following the Cure Claim Submission Deadline with separate evidentiary hearings to be set by the Bankruptcy Court as needed. If the Debtors do not dispute a Cure Claim, then the Debtors shall pay the Cure Claim, if any, to the claimant within twenty (20) days of the Cure Claim Objection Deadline. Disputed Cure Claims that are resolved by agreement or Final Order shall be paid by the Debtors within twenty (20) days of such agreement or Final Order.

Dated: Indianapolis, Indiana
August 31, 2004

HAYNES INTERNATIONAL, INC., et al.,

By: *(signature)*
Francis J. Petro
President and Chief Executive Officer
Haynes International, Inc., and authorized signatory for each of the other Reorganized Debtors

- and -

By: *(signature)*
John Wm. Butler, Jr.
J. Eric Ivester
Kristin E. Rooney
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Telephone: (312) 407-0700

- and -

By: *(signature)*
Jeffrey A. Hokanson
Ben T. Caughey
ICE MILLER
One American Square
Box 82001
Indianapolis, Indiana 46282-0002
Telephone: (317) 236-2100

Attorneys for the Reorganized Debtors

EXHIBIT A

| United States Bankruptcy Court<br>Southern District of Indiana, Indianapolis Division<br>Haynes International, Inc., et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>12910 Culver Blvd., Ste. I<br>Los Angeles, California 90066 | Administrative Expense Claim Request | |
|---|---|---|
| **Debtor against which claim is asserted:**<br>Haynes International, Inc., et al. 04-05364 through 04-05367 | **Case Name and Number**<br>In re Haynes International, Inc., et al. 04-05364 through 04-05367<br>Chapter 11, Jointly Administered | |

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or other entity to whom the debtor owes money or property)*<br><br>Name and Address Where Notices Should be Sent<br><br><br>Telephone No. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim ☐ replaces<br>☐ amends a previously filed claim, dated:____ | |

1. BASIS FOR CLAIM
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other (Describe briefly)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (Fill out below)
   Your social security number ____
   Unpaid compensation for services performed
   from _____ to _____
   (date)        (date)

2. DATE DEBT WAS INCURRED

3. IF COURT JUDGMENT, DATE OBTAINED:

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $____
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. DATE-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) | |
|---|---|---|

## INSTRUCTIONS FOR FILING ADMINISTRATIVE EXPENSE CLAIM

*The instructions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to the general rules.*

### "DEFINITIONS"

**DEBTORS**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**CREDITOR**
A creditor is any person, corporation, or other entity to whom the debtor owes a debt.

**ADMINISTRATIVE EXPENSE CLAIM**
Any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases (other than a Postpetition Facility Claim, Professional Claim) Allowed under sections 503(b) or 114(e)(2) and entitled to priority pursuant to 507(a)(1) of the Bankruptcy Code, including, without limitation; (a) any actual and necessary costs and expenses incurred after the Petition Date of preserving the Debtors' Estates and operating the businesses of the Debtors and Claims of governmental units for taxes (including tax audit Claims related to tax years commencing after the Petition Date, but excluding Claims relating to tax periods, or portions thereof, ending on or prior to the Petition Date); (b) compensation for legal, financial advisory accounting and other services and reimbursement of expenses Allowed by the Bankruptcy Court under sections 328, 330, 331 and/or 503 of the Bankruptcy Code to the extent incurred prior to the Effective Date; and (c) all fees or charges assessed against one or more of the Estates under section 1930 of chapter 123 of title 28 of the United States Code.

**ADMINISTRATIVE BAR DATE**
Pursuant to section 10.4 of the Plan and paragraph 25 of the Confirmation Order, all requests for payment of an Administrative Claim that has arisen between March 29, 2004 and August 16, 2004 must be filed no later than September 30, 2004.

### Items to be completed in Administrative Expense Claim form (if not already filled in):

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the Debtors owe money or property, and the Debtors' account number(s), if any. If anyone else has already filed an Administrative Expense Claim form relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Expense Claim form replaces or changes an Administrative Expense Claim form that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the Administrative Expense Claim form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtors first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire Claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Claim:**
Describe the Administrative Expense Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Credits and Setoffs:**
By signing this Administrative Expense Claim form, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

2

**7. Supporting Documents:**
You must attach to this Administrative Expense Claim form copies of documents that show the Debtors owe the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available you must attach an explanation of why they are not available.

**8. Date-Stamped Copy:**
To receive an acknowledgement of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Claim form.